# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDERBIRD RESORTS INC., a British Isles corporation,<br><br>Plaintiff,<br><br>v.<br><br>MURRAY JO ZIMMER, et al.<br>Defendants. | Case No. 3:15-cv-01304-JAH-BGS<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY PROTECTIVE ORDER AND DENYING PLAINTIFF'S APPLICATION FOR WRIT OF ATTACHMENT** |

Pending before the Court is Plaintiff Thunderbird Resorts Inc.'s ("Plaintiff") *ex parte* application for right to attach order and writ of attachment, or in the alternative, for temporary protective order against Defendants Murray Jo Zimmer, Angular Investments Corporation, Mitzim Properties, Inc., and Taloma Zulu. See Doc. No. 3. No opposition has been filed. Based on the reasoning below, the Court GRANTS Plaintiff's request for a temporary protective order and DENIES, without prejudice, Plaintiff's *ex parte* application for right to attach order and writ of attachment until such time as a noticed motion can be heard.

## BACKGROUND

According to the complaint, Plaintiff partnered with defendant Angular, a Panamanian corporation, in 2002 and formed GTCR to operate casinos and related businesses in Costa Rica. Compl. ¶10. Plaintiff and defendant Angular agreed to split

the profits equally. Compl. ¶10. Defendant Zimmer, who is defendant Angular's principle, became GTCR's president. Compl. ¶10. Defendant Zimmer also became Plaintiff's "country manager" for its operations in Costa Rica. Compl. ¶10.

Plaintiff alleges that from July 2007 to September 2014, defendant Zimmer caused GTCR to pay over $2 million to defendant Zulu, a Panamanian corporation. Compl. ¶11. Defendant Zimmer advised Plaintiff the payments were for legal and consulting fees. Compl. ¶11. However, Plaintiff contends that over $550,000 of the funds paid to defendant Zulu were redirected to defendant Zimmer in a matter of days. Compl. ¶14. Plaintiff did not agree that the payments made to defendant Zulu could be paid to defendant Zimmer. Compl. ¶13.

Defendant Mitzim is a Nevada corporation owned by defendant Zimmer and Plaintiff's former CEO. Compl. ¶12. After GTCR was sold to a third party, Plaintiff discovered that defendant Zulu made a 2010 payment of $107,975 to defendant Mitzim. Compl. ¶12. Plaintiff alleges that defendant Mitzim used the $107,975 payment to purchase an office building in Poway, California. Compl. ¶12. Defendant Zulu's payment to defendant Mitzim was never disclosed to Plaintiff. Compl. ¶12.

On June 12, 2015, Plaintiff filed a complaint against defendants alleging causes of actions for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, civil racketeer influenced and corrupt organizations (RICO) in violation of 18 U.S.C. § 1961, and conversion.

## DISCUSSION

Plaintiff seeks an *ex parte* right to attach order and writ of attachment of real property located at 12255 Parkway Center Drive, Poway, California, 92064, in the amount of $1,000,000. Plaintiff contends that defendant Mitzim is the current record owner of the Poway office building. In the alternative, Plaintiff seeks a temporary protective order pursuant to California Code of Civil Procedure section 486.010 "to maintain the status quo until such time as a noticed motion can be

heard." See Doc. No. 3-3 at 13.

## I. Legal Standards

### A. *Ex Parte* Application for Writ of Attachment

Under Federal Rule of Civil Procedure 64, state law provides all remedies when property is to be seized for the purpose of securing satisfaction of a judgment, unless a federal statute governs. See Fed. R. Civ. P. 64. The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Co., 415 U.S. 423, 436 n. 10 (1974).

Attachment is a prejudgment remedy that allows a creditor to have a lien on the debtor's assets until final adjudication of the claim sued upon. The creditor must follow statutory guidelines in applying for the attachment and establish a *prima facie* claim; and the court is required to make a preliminary determination of the merits of the dispute. Lorber Industries of Calif. v. Turbulence, Inc. 175 Cal. App. 3d 532 (1985) (internal citation omitted). See Cal. Civ. Proc. Code §§ 484.090, 485.010(a) (discussing the statutory guidelines in applying for writ of attachment).

### B. Temporary Protective Order

In conjunction with applying for a writ of attachment, California law permits a litigant to apply for a temporary protective order ("TPO"). See Cal. Civ. Proc. Code § 486.010(a). Section 486.010 provides that "[t]he application shall state what relief is requested and shall be supported by an affidavit, which may be based on information and belief, showing that the plaintiff would suffer great or irreparable injury (within the meaning of Section 485.010) if the temporary protective order were not issued." Cal. Civ. Proc. Code § 486.010.

In issuing a temporary protective order in lieu of an *ex parte* writ of attachment, the Court must find that: (a) the claim upon which the application for attachment is

3

based is one upon which an attachment may be issued; (b) the plaintiff has established the probable validity of the claim upon which the application for the attachment is based; (c) the temporary protective order is not sought for a purpose other than the recovery upon the claim upon which the application for the attachment is based; and (d) the plaintiff will suffer great or irreparable injury (within the meaning of § 485.010) if the temporary protective order is not issued. See Cal. Code Civ. Pro. §§ 486.020, 486.030.

**II. Analysis**

Here, the Court finds that the issuance of a temporary protective order ("TPO") is appropriate. First, the TPO application is based on a claim for which attachment may issue. The basis of Plaintiff's application and the TPO are based on an express agreement between Plaintiff and defendant Angular to split profits from GTCR equally. The amount of Plaintiff's claim is readily ascertainable as evidenced by Plaintiff's financial records, closing statements, and bank records. See Cal. Civ. Proc. Code § 483.010.

Second, Plaintiff has established that it is more likely than not that it will prevail on its claim. The record, including declarations accompanying Plaintiff's application, indicate that plaintiff and defendant Angular agreed to split profits from GTCR equally, defendant Angular owed Plaintiff fiduciary duties, defendant Zimmer received funds from defendant Zulu through GTCR without Plaintiff's consent, and defendant Zimmer admitted that defendant Zulu helped fund Mitzim's purchase of the Poway building.

Third, there is no indication that the TPO is requested for a purpose other than the recovery upon the claims against the defendants.

Lastly, the Court finds that if the temporary protective order is not issued the plaintiff will suffer great or irreparable injury. Given that the allegations in this action sound in multiple occurrences of fraud, there is evidence that Mitzim's Poway building is currently being marketed for sale, and because those persons who own and

control Mitzim's Poway building live outside the United States, Plaintiff is in a tenuous position. Thus, if Mitzim's Poway building is sold, Plaintiff has shown, under the circumstances of this case, a likelihood that the proceeds of the sale would be improperly dissipated or otherwise made unavailable to Plaintiff. See Cal. Civ. Proc. Code § 485.010(b)(1).

Having satisfied the requirements under Cal. Code Civ. Pro. § 486.020, the Court GRANTS Plaintiff's application for a temporary protective order, and DENIES Plaintiff's *ex parte* application for right to attach order and writ of attachment until such time as a noticed motion can be heard. See Cal. Code Civ. Pro. §§ 486.030.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's *ex parte* application for a temporary protective order is GRANTED.
2. Upon the filing of the statutorily required $10,000 undertaking by Plaintiff pursuant to Cal. Civ. Proc. Code §§ 489.210 and 489.220, the Court will issue the temporary protective order.
3. Upon the filing of the undertaking, the Court will set a briefing schedule and a hearing date for Plaintiff's application for right to attach order and writ of attachment.

DATED: July 28, 2015

_____
JOHN A. HOUSTON
United States District Judge