UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDERBIRD RESORTS, INC., a British Virgin Isles Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>MURRAY JO ZIMMER, an individual; ANGULAR INVESTMENTS CORPORATION, a Panama corporation; MITZIM PROPERTIES, INC., a Nevada corporation; and TALOMA ZULU, S.A., a Panamanian corporation; JACK RAY MITCHELL, an individual,<br><br>        Defendants. | Case No.: 15cv1304-JAH (BGS)<br><br>**ORDER GRANTING DEFENDANTS ANGULAR INVESTMENTS CORPORATION AND MURRY JO ZIMMER'S MOTIONS TO DISMISS [DOC. NOS. 80, 101] AFTER EVIDENTIARY HEARING** |

## INTRODUCTION

Defendant Angular Investments Corporation ("Angular") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 12(b)(2),(6), and (7) and Rules 17 and 19. Doc. No. 80. Defendant Murry Jo Zimmer ("Zimmer") filed a separate motion to dismiss on the same grounds. Doc. No. 101. Plaintiff filed a response to Angular's motion to dismiss but failed file a timely response to Zimmer's motion. *See Doc. Nos.* 86, 103. On March 28, 2018, this Court issued an order on Angular's motion identifying factual disputes relating to personal jurisdiction and setting an evidentiary

1

hearing. Proceedings were held on May 29, 2018. Present at the hearing were counsel for plaintiff Thunderbird Resorts Inc., Jack R. Leer, of Caldarelli, Hejmanowski, Page & Leer LLP, and counsel for Defendants Angular Investments Corp. and Murry Jo Zimmer, Steve W. Winton of Winton Law Corporation.

## DISCUSSION

### 1. EVIDENTIARY HEARING

Plaintiff offered the testimony of Albert Atallah ("Atallah"), General Counsel and Corporate Secretary for Thunderbird Resorts, Inc. Defendant Angular called former CEO and co-defendant Jack R. Mitchell ("Mitchell"). Plaintiff requested permission to call rebuttal witness Deborah Burger ("Burger"), compliance officer and Mitchell's former legal assistant. Plaintiff's 2007, 2008, 2013, and 2016 Annual Reports and October 2010 board meeting minutes were submitted as joint exhibits A-E. The following facts are drawn from the evidence presented.

Thunderbird Resorts Inc. is incorporated under the laws of the British Virgin Islands. Between 2007 and 2016, Thunderbird identified the location of its corporate and principal executive offices at Apartado 0823-00514, Panama, Republic of Panama. The Panama offices housed the top accounting and hotel-management executives, in-house counsel, the administrative staff, the development team, the head of construction and design, as well as office space for Mitchell, and Mike Fox, the analyst and CFO. Thunderbird named its Directors and Corporate Officers in each of its annual reports. Except for Albert Atallah, who served as General Counsel and Vice President of Compliance, Thunderbird's directors all lived and worked internationally. It reported to operate thirty-one properties in six countries, including Panama, Costa Rica, The Philippines, Peru, Nicaragua and Guatemala, but had no presence in California in terms of business operations. As of December 31, 2008, Thunderbird had approximately 5,754 employees, including approximately 1,327 in Panama, 1,228 in the Philippines, 490 in Nicaragua, 277 in Guatemala, 1,621 in Peru, 105 in Poland, 679 in Costa Rica, 21 in India and 6 in San Diego, California.

Thunderbird has maintained a business office in San Diego since 1997. Atallah and Berger worked from the San Diego location, along with accounting staff members and information technology support staff. Mitchell came to San Diego periodically to meet with Atallah and visit family. When necessary, Atallah and Mitchell would appear telephonically for meetings held at various sites within Latin America.

In 2002, Thunderbird partnered with Angular forming Grupo Thunderbird de Costa Rica, S.A. ("GTCR") to operate casinos and related businesses in Costa Rica. Angular was at all relevant times operated and controlled by Zimmer. Prior to the GTCR partnership Thunderbird and Zimmer had business dealings in which Thunderbird provided 150 slot machines for Zimmer's business operations. The GTCR joint venture deal was struck after Zimmer defaulted on the payment. During the partnership, Zimmer made business decisions on behalf of Angular as Thunderbird's partner, and on behalf of Thunderbird as GTCR's country manager. Occasionally Zimmer met with Mitchell in San Diego.

In 2010, Mitchell and Zimmer formed Mitzim Properties, Inc., a Nevada Corporation, to acquire a commercial property located at 12255 Parkway Centre Drive, Poway, California. The opportunity to purchase the property was first presented to Thunderbird. Thunderbird's board of directors were advised by management and Atallah, as general counsel, not to acquire real estate in the United States in an effort to avoid potential SEC regulatory oversight; but instead to maintain offices in Panama as its headquarters.

### 2. LEGAL ANALYSIS

The Court incorporates by reference as though fully set forth herein the points and authorities in section II.B.2.c. of this Court's March 28, 2018 Order. *See Doc. No.* 108. Based upon the Court's review of the record and pleadings, including the declarations submitted in support of and opposition to the motion, the Court finds that Thunderbird has not presented sufficient evidence to meet its burden of establishing personal jurisdiction. Specifically, the evidence presented is insufficient to persuade the Court that it may exercise specific jurisdiction over defendants Angular and Zimmer. The Court further finds

by clear and convincing evidence that Thunderbird's headquarters, nerve center, and principal executive offices were at all relevant times located in the Republic of Panama. Plaintiff's desire to avoid the acquisition of assets in the United States further supports the Court's finding. In light of the facts and relationship between Thunderbird and Defendants, it cannot be said that Defendants intentionally acted and purposefully directed activities at California or its residents. More so, it was not foreseeable that the "brunt of the effects" of any inducement by Angular or Zimmer, would have caused sufficient harm to Plaintiff in California. *See Cas. Assur. Risk Ins. Brokerage Co. v. Dillon,* 976 F.2d 596, 599 (9th Cir. 1992); see also *Dole*, 303 F.3d at 1113.

Additionally, the Court finds Plaintiff's complaint insufficient to support a conspiracy theory of jurisdiction in light of *Chirila v. Conforte*, 47 F. App'x 838, 842 (9th Cir. 2002 (calling the legitimacy of the theory into question) and *Calder v. Jones*, 465 U.S. 783 (1984) (requiring independent examination of an individual or entity's connection with the forum state). Finding that the Court lacks personal jurisdiction over Defendant's Angular and Zimmer, it declines to rule on Defendants' motions to dismiss pursuant to Fed.R.Civ.P 12(b)(6) and (7).

## **CONCLUSION AND ORDER**

Based on the above findings, **IT IS HEREBY ORDERED:**

1. Defendants Angular Investments Corporation's Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(2) is **GRANTED;**

2. Defendant Murray Jo Zimmer's Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(2) is **GRANTED;**

3. Plaintiff's First, Second, Third, Fifth, Sixth and Seventh causes of action alleged against Angular and Zimmer are **DISMISSED with prejudice.**

4. Plaintiff's Fourth cause of action alleged against Angular and Zimmer is **DISMISSED without prejudice.**

4

5. Defendants' motions to dismiss pursuant to Fed.R.Civ.P 12(b)(6) and (7) and Rules 17 and 19 are **DENIED** as **MOOT**.

**IT IS SO ORDERED.** DATED: September 28, 2018

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

5