UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDERBIRD RESORTS INC., a British Virgin Isles corporation<br><br>Plaintiffs,<br><br>v.<br><br>MITZIM PROPERTIES, INC., a Nevada corporation; TALOMA ZULU, S.A., a Panamanian corporation; JACK RAY MITCHELL, an individual<br><br>Defendants. | Case No.: 15cv1304 JAH (BGS)<br><br>**ORDER AND ENTRY OF DEFAULT JUDGMENT AGAINST TALOMA ZULU, S.A.** |

## INTRODUCTION

On March 20, 2017, this matter came on for hearing on the motion for default judgment filed by Thunderbird Resorts Inc. ("Plaintiff"). Plaintiff was represented by attorney David Lichtenstien. Defendant Taloma Zulu, S.A., a Panamanian corporation ("Taloma") did not appear. After consideration of the pleadings, application for default judgment, and supplemental application for default judgment submitted by Plaintiff, and for the reasons set forth below, this Court enters default judgment against Defendant Taloma, in favor of Plaintiff, in the amount of $407,643.24.

1

## BACKGROUND

In 2002, Plaintiff partnered with Angular Investments Corporation, a Panamanian corporation ("Angular") to operate casinos and related businesses in Costa Rica. Thunderbird and Angular formed Grupo Thunderbird de Costa Rica, S.A. ("GTCR"). The entities agreed to split all profits from GTCR equally. Angular's principal, Murray Jo Zimmer ("Zimmer"), became Thunderbird's "country manager" for its operations in Costa Rica.

On June 12, 2015, Plaintiff filed a Complaint against Zimmer, Angular, Mitzim Properties, Inc., a Nevada corporation ("Mitzim") and Taloma alleging seven causes of action including breach of fiduciary duty and fraud, a civil RICO claim under 18 U.S.C. § 1961, et seq. against all defendants, a state tort action for conversion, and equitable claims for constructive trust and accounting. *Doc. No*. 1. On September 11, 2015, Plaintiff filed a First Amended Complaint ("FAC") adding an eighth claim for Breach of Contract and joining Defendant Jack R. Mitchell; former CEO of Plaintiff and Zimmer's partner in Mitzim. *See Doc. No*. 28.

On December 31, 2015, Plaintiff moved for issuance of Letters Rogatory, as to Defendants Angular and Taloma. See *Doc. Nos*. 45, 46. This Court granted Plaintiff's motions (*doc. nos*. 54, 55), and requests for international judicial assistance were sent to the appropriate judicial authorities of the Republic of Panama ("Panama"). See *Doc. Nos*. 54, 55. On December 19, 2016, Plaintiff filed proof of service via Letters Rogatory, asserting that service was effected on Taloma's registered agent for service of process on or about September 26, 2016, in accordance with Fed.R.Civ.P. 4(f)(1) and 4(h)(2) and the Inter-American Convention on Letters Rogatory and Additional Protocol. *Doc. Nos*. 63, 64. On December 30, 2016, Plaintiff filed a request for Clerk's Entry of Default against

Defendant Taloma. See *Doc. No.* 66. The Clerk of Court entered default against Taloma on January 03, 2017.[1] *Doc. No.* 68.

On January 27, 2017, Plaintiff filed a motion for default judgment against Taloma on the second cause of action for aiding and abetting a breach of fiduciary duty. *Doc. No.* 70. This Court held a hearing on Plaintiff's motion. *Doc. No.* 74. Defendant not appearing, the Court issued an order granting the motion for default judgment against Taloma and directing Plaintiff to supplement the pleadings to clarify or explain damages suffered over and above $657,975.00. *Doc. No.* 73. Plaintiff timely filed its supplemental briefing on damages. *Doc. No.* 75. The matter is now before the Court.

## DISCUSSION

Plaintiff requests an entry of default judgment by the Court in the amount of $825,125.35. The total consists of initial claimed damages of $657, 975.00, plus additional damages of $73,430.45 for a total damages award of $731,405.45; prejudgment interest from the filing date of the Complaint under California Civil Code §§3287-3289; and costs of litigation.

### 1. LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Rule 55(b) allows default judgment to be entered by the Clerk of Court if the amount sought is "for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b)(1). In all other cases, the application must be made to the court. Fed. R. Civ. P. 55(b)(2). "If, in order to enter judgment or to carry it into effect, it

---

[1] Plaintiff also filed proof of service and requested Clerk's Entry of Default and default judgment as to Angular. *Doc. Nos.* 63, 65, 67. Angular later appeared and filed a motion to set aside entry of default and a motion to dismiss for lack of jurisdiction. *Doc. Nos.* 79, 80. This Court granted both motions and dismissed the action against Angular for lack of personal jurisdiction after an evidentiary hearing. *Doc. No.* 120; *See Thunderbird Resorts, Inc. v. Zimmer,* No. 15CV1304-JAH (BGS), 2018 WL 4700498, at *1 (S.D. Cal. Sept. 30, 2018).

3

is necessary to take an account or to determine the amount of damages ..., the court may conduct such hearings or order such references as it deems necessary and proper." *Id.*

2.  **ANALYSIS**

**A. Damages**

Plaintiff's FAC alleges that between 2010 and 2014, over $550,000 of the amount paid to Taloma by GTCR was redirected to Defendant Zimmer personally within a matter of days. Additionally, Plaintiff alleges that in 2010, Taloma paid $107,975.00 toward the purchase of an office building located at 12255 Parkway Centre Drive in Poway, California (the "Poway Property"), for the benefit of co-defendant Mitzim. Plaintiff further alleges that Taloma made payments to Zimmer's personal friends Donald and Kathleen Mechling; to Cajite de Musica Celestial S.A., a company controlled by Zimmer's former secretary; and to Prestige RV, Inc., a company owned by Zimmer and his friend Ken Horn – all of which Plaintiff contends are funds that were diverted, misappropriated, embezzled, and/or converted out of Plaintiff's fifty-percent share of GTCR profits for Defendants' own improper, personal use. In the supplemental application for default judgment, Plaintiff identifies payments from Taloma of $66,500.00 to Prestige RV, Inc. on May 7, 2008 and $6,930.45 to Donald and Kathleen Mechling on June 3, 2014.

In reviewing the record, Taloma paid "Chicago Title C and I Escrow" $108,000.00 in October of 2010, corresponding in time with the Poway Property purchase by Mitzim[2]. *Doc. Nos.* 3-11 at 2*;* 69-3 at 7. The Court calculates an additional transfer of funds totaling $587,200.00 from Taloma to Zimmer between October 2010 and October 2014. *See Doc. Nos.* 3-15 at 2-7; 69-3 at 6-8. Although GTCR began making payments to Taloma in early 2007, Plaintiff has not provided the Court with sufficient evidence to associate Taloma's 2008 payment to Prestige RV, Inc. directly or indirectly with Zimmer, nor other named co-defendants. The same holds true for the June 3, 2014 payment to Donald and Kathleen

---

[2] The Court notes that between July and October 2010, Plaintiff and Plaintiff's subsidiary also made payments toward the purchase of the Poway Property totaling $144,950.00. *Doc. No.* 3-11 at 2.

4

Mechling. The Court finds that key portions of Salomon Guggenhiem's declaration in support of Plaintiff's supplemental application is based on information provided by an outside source - not on personal knowledge - indicated by multiple uses of the preface "as I am informed." The record supports Defendants misappropriated, embezzled, or converted funds from GTCR totaling $695,200.00 - half of which was due to Plaintiff under the agreement with Angular to split profits equally - resulting in actual damages to Plaintiff in the amount of $347,600.00.

### B. Pre-Judgment Interest

Plaintiff requests prejudgment interest at the rate of seven percent from the filing date of the Complaint under California Civil Code §§3287-3289. California Civil Code section 3287, subdivision (a) allows a person to recover prejudgment interest on "damages certain, or capable of being made certain by calculation" from the day such right to damages or reimbursement vests[3]. California Civil Code § 3287(a); *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 921 (9th Cir. 2009). The "vesting" requirement is "satisfied at the time that the amount of damages become certain or capable of being made certain, not the time liability to pay those amounts is determined." *Id*. citing *Hartford Accident & Indem. Co. v. Sequoia Ins. Co*., 211 Cal.App.3d 1285, 1291 (1989). Under § 3287(a), a legal dispute as to liability will not preclude a grant of prejudgment interest, however, when the amounts due depend on disputed facts subject to judicial determination, the certainty requirement under the statute is not met. *Id*. (quoting *Highlands Insurance Co. v. Continental Casualty Co*. 64 F.3d 514, 521 (9th Cir.1995); *Olson v. Cory,* 35 Cal.3d 390, 402 (1983). "[P]rejudgment interest runs from the date when the damages are of a nature to be certain or capable of being made certain by calculation and when the exact sum due

---

[3] California Civil Code § 3287(a) provides, in pertinent part, "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day."

5

1  to the plaintiff is made known to the defendant." *Id*. (quoting *Levy–Zentner Co. v. Southern Pac. Transp. Co*., 74 Cal.App.3d 762, 142 Cal.Rptr. 1, 25 (1977)).

On June 26, 2015, Plaintiff filed a Notice of Application for Writ of attachment, including exhibits which itemized the amounts paid by GTCR to Taloma and transferred from Taloma to Zimmer. *Doc. No*. 3-11 at 2-7. Plaintiff filed the FAC on September 11, 2015 and effected service on Taloma on or about September 26, 2016. At such time, damages were readily ascertainable. The amount of damages certain, however, is at issue. Although no conflicting evidence or factual dispute is presented, the prospect of recovering (1) the entire amount paid to Taloma by GTCR (over 2,000,000.00 as alleged) or (2) the entire amount paid by Taloma to, or on behalf of, Defendants is speculative and inconsistent with other allegations in the Complaint. See *Thompson v. Asimos,* 6 Cal. App. 5th 970, 992, (Ct. App. 2016) (finding that the court erred in applying the prejudgment interest formula to an amount not certain). The amount of damages certain and owed to Plaintiff is fifty percent of the amount embezzled from GTCR by Defendants through Taloma. Accordingly prejudgment interest of seven percent is appropriate on a damages award of $347,600.00, running from September 26, 2016. The annual interest on $347,600.00 is $24,332.00 per year or $66.66 per day. As of the date of this order and entry of final judgement, the total interest accrued is $59,596.24.

**C. Costs**

Plaintiff seeks to recover costs, consisting of filing fees and fees for the issuance of Letters Rogatory by the Clerk of Court. The Court finds such fees appropriate in the amount of $447.00.

*//*
*//*
*//*
*//*
*//*
*//*

## CONCLUSION AND ORDER

Plaintiff's application (doc. no. 70) and supplemental application (doc. no. 75) for default judgment against Taloma Zulu, S.A. are **GRANTED in part** and **DENIED in part.** The Clerk of Court shall enter default judgment in in favor of Plaintiff, Thunderbird Resorts, Inc., in the amount of $407,643.24.

**IT IS SO ORDERED**.

DATED: March 8, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE