UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDERBIRD RESORTS INC., a British Isles corporation, | Case No.: 3:15-cv-01304-JAH-BGS |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 124)** |
| v. | |
| MURRAY JO ZIMMER, an individual; ANGULAR INVESTMENTS CORPORATION, a Panama corporation; MITZIM PROPERTIES, INC., a Nevada corporation; and TALOMA ZULU, S.A., a Panamanian corporation; JACK RAY MITCHELL, an individual, | |
| Defendants. | |

## I.    INTRODUCTION

Pending before the Court is Jack Ray Mitchell and Mitzim Properties' (collectively, "Moving Defendants") motion to dismiss the complaint filed by Plaintiff Thunderbird Resorts Inc. ("Plaintiff" or "Thunderbird"). Having taken into consideration the parties' submissions, the Court **DENIES** Moving Defendants' motion to dismiss.

## II.    PROCEDURAL BACKGROUND

On June 12, 2015, Plaintiff filed its First Amended Complaint for damages against Murray Jo Zimmer ("Zimmer"), Angular Investments Corporation ("Angular"), Mitzim Properties, Taloma Zulu, and Jack Mitchell ("Initial Defendants"). ("FAC", ECF No. 28). On September 28, 2018, Angular and Zimmer ("Dismissed Defendants") were dismissed from this action for lack of jurisdiction. (ECF No. 120). The parties have filed various

1

motions, and discovery has now closed.  As relevant to the instant motion, on September 21, 2020, Moving Defendants filed a motion to dismiss based on Plaintiff's alleged lack of standing.  ("Mot.", ECF No. 124).  Plaintiff filed an opposition to the Motion on October 19, 2020, ("Opp'n", ECF No. 127), to which Moving Defendants filed a reply.  ("Reply", ECF No. 130).

## III.    FACTUAL BACKGROUND[1]

In 2002, Thunderbird partnered with Dismissed Defendant Angular, to operate casinos and related businesses in Costa Rica by forming Grupo Thunderbird de Costa Rica ("GTCR").  (FAC ¶ 12).  Thunderbird and Angular agreed to split all GTCR profits equally.  (*Id.*)  Additionally, Angular's principal owner and Dismissed Defendant Zimmer, became Thunderbird's "country manager", overseeing its affairs abroad in Costa Rica.  (*Id.*)  Between July 2007 and September 2014, Zimmer made over $2 million in payments from GTCR to Taloma Zulu.  (*Id.* ¶ 13).  Salomon Guggenheim, Thunderbird's current CEO, alleges that Zimmer informed him that Taloma Zulu's payments were necessary "legal and consulting fees" to operate GTCR.  (*Id.* ¶¶ 13, 32).

In 2015, Thunderbird discovered that in 2010, Taloma Zulu paid $107,975 to Mitzim Properties, a company owned by Zimmer and Jack Mitchell.  (*Id.* ¶ 14).  Mitzim Properties then used that money to purchase a commercial building in Poway, California.  (*Id.*)  Thunderbird alleges that these payments from Taloma Zulu utilized to purchase the Poway property were neither disclosed nor explained to Thunderbird.  (*Id.* ¶ 15).  Taloma Zulu paid hundreds of thousands of dollars more to recipients that Thunderbird believes to be affiliates of or related to Zimmer and Angular.  (*Id.* ¶ 16).

Further, Thunderbird alleges that part of its share of profits from GTCR were diverted, misappropriated, and embezzled by Initial Defendants for their own personal uses in the form of payments to Taloma Zulu.  (*Id.* ¶ 17).

---

[1]    The Court recites the allegations for purposes of the instant motion and does not make any factual findings at this stage.

## IV. <u>LEGAL STANDARD</u>

### A. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss[2]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, and documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to

---

[2]    *See* Schwarzer, Tashima, & Wagstaffe, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2010) ("Rule 17 refers to the making of an 'objection' to the action being prosecuted in the name of someone other than the real party in interest. [*See* FRCP 17(a)(3)] The objection may be raised either by a [FRCP] 12(b)(6) motion to dismiss the complaint or as an affirmative defense in the answer.")

amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.   Federal Rule of Civil Procedure 17(a)

Federal Rule of Civil Procedure 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).  A "real party in interest" is "any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l, Inc. v. Jartran, Inc.,* 793 F.2d 1034, 1038 (9th Cir. 1986).  In determining whether a claim is derivative or direct, "a court should look to the nature of the wrong and to whom the relief should go." *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004). "A direct lawsuit is proper where the plaintiff is directly injured by the defendant's conduct." *Zachman v. Wells Fargo N.A.*, No. 3:15-cv-02909-BEN-JMA, 2017 WL 3314229, at *3 (S.D. Cal. Aug. 1, 2017).  In other words, a suit to recover damages to an entity must be brought in that entity's name.

## V.   DISCUSSION

### A. Moving Defendants Waived Their Fed. R. Civ. P. 17(a) Claim By Not Raising a Timely Objection

Moving Defendants contend that Plaintiff lacks standing as the real party in interest and seeks to dismiss under Federal Rule of Civil Procedure 17(a).  (*See generally*, Mot.). Plaintiff argues that Moving Defendants' motion is untimely, as it comes five years after the start of the litigation.  (Opp'n at 9-11).  Moving Defendants, in turn, argue that their Rule 17(a) claim has not been waived because the timeliness of claims is assessed in terms of the motion's proximity to trial, and the motion is being brought sufficiently prior to trial. (Reply at 3-4).   For the reasons discussed below, the Court finds that Moving Defendants have waived their Federal Rule of Civil Procedure 17(a) objection.

Defendants must raise a Rule 17(a) challenge against the plaintiff's claim in a timely manner.  *See e.g., Cacossa v. Amylin Pharms., Inc.,* 2014 WL 2090552, at *2 (S.D. Cal. 2014) (explaining that a "court may not dismiss an action for failure to bring suit in the name of the real party in interest under Rule 17(a)(3) unless there [is] . . . a timely

objection") (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1541 at 321 (2d ed.1990)); *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.,* 88 F.3d 563, 569 (8th Cir. 1996) (denying the defendant's motion to dismiss for lack of standing because defendant brought the motion two years after being on notice that Plaintiff filed a complaint on behalf of others); *Gogolin & Stelter v. Karn's Auto Imps., Inc.*, 886 F.2d 100, 102-03 (5th Cir. 1989) ([FRCP 17(a)] challenge waived when made after filing a motion for a directed verdict.).

First, based upon the record in this case, Moving Defendants were on notice at the early stages of this litigation, or at least no later than two years before they filed the instant motion, that they had more than a "potential" Rule 17(a) defense.

On June 12, 2015, Thunderbird filed their initial complaint alleging Breach of Fiduciary Duty (as to Zimmer and Angular); Aiding and Abetting Breach of Fiduciary Duty (as to Taloma Zulu and Mitzim Properties); Fraud (as to all Defendants); RICO (as to all Defendants); Conversion (as to all Defendants); Constructive Trust (as to all Defendants, and; Accounting (as to Zimmer, Angular, and Taloma Zulu).  (ECF No. 1).[3] The claims are based upon the same or common nucleus of facts against all Defendants. These allegations and claims were re-alleged in the FAC.

On June 26, 2015, Thunderbird filed a notice for a writ of attachment.  (ECF No. 3). On July 13, 2015, Mitzim Properties filed an answer to the initial complaint but did not raise lack of standing as an affirmative defense. (ECF No. 8).  Moving Defendants opposed Thunderbird's motion for a writ of attachment but did not raise the issue of lack of standing

---

[3]    The Court acknowledges that the initial complaint discussed is not the operative complaint and cites to the initial complaint as a demonstrative.  Plaintiff's FAC alleges Breach of Fiduciary Duty (as to Zimmer, Angular, and Mitchell); Aiding and Abetting Breach of Fiduciary Duty (as to Taloma Zulu and Mitzim Properties); Fraud (as to all Defendants); RICO (as to all Defendants); Conversion (as to all Defendants); Constructive Trust (as to all Defendants); Accounting (as to Zimmer, Angular, and Taloma Zulu); and Breach of Contract (as to Mitchell).  (*See generally* FAC).

nor that Thunderbird was not the real party in interest in opposing the motion. (ECF No. 19).

On April 16, 2017, Defendant Mitchell[4] filed a motion to compel arbitration demonstrating knowledge of Plaintiff's alleged standing defect, stating "100% of all GTCR stock was sold to CIRSA . . . . Consequently, any claims relating to funds unlawfully taken from GTCR no longer belong to Thunderbird, but instead rightly or at least arguably belong to CIRSA." (ECF No. 78-1 at 7-8). On May 4, 2017, nearly two weeks before fact discovery closed in this case, (ECF No. 77 at 3), Angular filed a motion to set aside entry of default and a motion to dismiss based upon a lack of personal jurisdiction and a lack of standing, arguing Thunderbird is not the real party in interest. (ECF Nos. 79, 80). In its March 29, 2018, order, the Court granted Angular's motion to set aside entry of default and set a briefing schedule on Angular's motion to dismiss. ("Court's Ord. Granting Mtn. to Set Aside Entry of Default", ECF No. 108). The Court also *expressly acknowledged* that the Dismissed Defendants' argument to dismiss for lack of standing to sue was "not meritless and weigh[ed] in favor of granting relief." (ECF No. 108 at 10; *Thunderbird Resorts, Inc. v. Zimmer*, No. 15-cv-1304-JAH (BGS), 2018 WL 1542044, at *5 (S.D. Cal. Mar. 29, 2018)). On December 12, 2017, Zimmer filed a motion to dismiss, also asserting a lack of personal jurisdiction and a lack of standing, arguing Thunderbird is not the real party in interest. (*See* ECF No. 101).[5]

On March 27, 2018, approximately ten (10) months after close of fact discovery and two and a half years after the Court granted the writ of attachment, Moving Defendants filed a motion to quash the writ of attachment and did not raise lack of standing as a defense to the claims at issue. (ECF Nos. 107, 113). Moving Defendants did not move to

---

[4]    The Court granted Mitchell's motion to compel arbitration on March 30, 2018. (ECF No. 109). The order did not apply to Defendant Mitzim.

[5]    After an evidentiary hearing, the Court granted Angular and Zimmer's motions to dismiss, finding "Thunderbird has not presented sufficient evidence to meet its burden of establishing personal jurisdiction [over Angular and Zimmer]." (ECF No. 120 at 3).

supplement their motion based upon Plaintiff's failure to sue as a real property in interest despite the Court's express acknowledgement, in its March 29, 2018, order, (ECF No. 108), that such a defense was a potentially meritorious argument. *Thunderbird*, 2018 WL 1542044, at \*5.

In the instant motion, Moving Defendants have not argued that they recently became aware or learned of the facts purportedly giving rise to a lack of standing defense. This Court finds that Moving Defendants knew or should have known they had a meritorious defense years earlier in the litigation because (1) Plaintiff sued all Defendants alleging they engaged in the same or substantially the same misconduct; (2) Plaintiff's initial complaint and FAC alleged that it sold all of its interest to another corporation prior to the filing of the lawsuit; (3) similarly situated Defendants raised the issue of whether Thunderbird is the real party of interest or has standing more than forty (40) months before the instant motion was filed; and (4) the Court's express statement two years[6] before the filing of the instant motion that the issue of Plaintiff's standing was not meritless. In sum, Moving Defendants were made aware of a potential objection from the allegations in the FAC, Dismissed Defendants' motions to dismiss, and the Court's express statement. Despite these indicators of a ripe objection, Moving Defendants failed to file a timely motion to dismiss on Rule 17(a) grounds. Accordingly, Moving Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 17(a) is untimely in part because their objections come years after notice of a potentially meritorious defense.

Second, Moving Defendants have continued to substantively litigate the case despite notice of a Rule 17(a) objection. Where defendants substantively litigate cases before bringing Rule 17(a) claims, some courts have found waiver. *See e.g., Marshall Bank v. Twelve Oaks Partners*, *LLC*, No. 5:10-cv-00212-AG-OP, 2011 WL 13223889 at \*1(C.D. Cal. Dec. 12, 2011) (finding that defendant waived his Rule 17(a) objections by not raising

---

[6]   Importantly, Defendant Mitchell's motion to compel arbitration reflects the Moving Defendants actual knowledge of a significant Rule 17(a) challenge. (ECF No. 78 at 7-8).

them after arguing substantive motions without ever addressing whether the plaintiff had standing as the real party in interest). Despite the fact that discovery was completed in 2017, and a record signaling a meritorious claim brought in the instant action, Moving Defendants having substantively litigated the case for years without bringing their challenge strongly suggests waiver, as it strains credulity to think that a defendant would continue to substantively litigate the case for *five years* without knowing whether the plaintiff is the real party in interest.

Lastly, Moving Defendants contend that their challenge is timely where there is no delay to trial. (Reply at 2). In other words, the Moving Defendants argue that Rule 17(a) objections are untimely only when they occur near, during, or after trial. (*Id.*) Moving Defendants rely principally on *Audio-Visual Marketing Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976); *Marshall Bank*, 2011 WL 13223889, at *1; *United HealthCare Corp.*, 88 F.3d 563, 569 (8th Cir. 1996), and *Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982). Importantly, none of these cases expressly hold that waiver is assessed in terms of delay to trial–that is a principle Moving Defendants attempt to extract from the cases. Moreover, in some of the aforementioned cases cited by Moving Defendants, the courts appeared to recognize that the moving parties' substantive participation prior to raising their Rule 17(a) objections and failure to bring the challenge despite adequate notice of a potential issue contributed to a finding of waiver.

To be sure, a motion brought in close proximity to trial may be a factor to consider with respect to timeliness. However, contrary to Moving Defendants' arguments, the Court does not read the case law as holding that timeliness can *only* be assessed in terms of proximity to trial. This Court finds that in light of the evidence of record demonstrating Moving Defendants knew or should have known of a meritorious Rule 17(a) objection. Specifically, Moving Defendants' (a) failure to bring their claim until more than five years into the litigation, despite being on notice of the potentially meritorious defense based upon notice provided in the original complaint, the FAC, the Court's March 29, 2018, order, and buttressed by Defendant Mitchell's own admissions, and (b) continued substantive

litigation of the case for years after such notice of potentially meritorious defense constitutes waiver.

**B. Request for Judicial Notice**

Moving Defendants have submitted requests for judicial notice of several documents. (Mot. at 124-4). Because the Court does not rely on these documents in reaching its conclusion regarding waiver, the requests are **DENIED** as moot. *See e.g.*, *McMillin Homes Constr., Inc. v. Lexington Ins. Co.*, 2022 WL 4004203, at *3 (S.D. Cal. Sept. 1, 2022); *Crosby Est. at Rancho Santa Fe Master Ass'n v. Ironshore Specialty Ins. Co.*, 578 F.Supp.3d 1123, 1126, n.3 (S.D. Cal. 2022); *Philadelphia Indem. Ins. Co. v. Hollycal Prod., Inc.*, 2018 WL 6520412, at *2, n.1 (C.D. Cal. Dec. 7, 2018); *In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F.Supp.3d 1108, 1118 (N.D. Cal. 2019).

## VI.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 21, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE